**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

FRANK M. SMITH,

        Petitioner-Appellant,

v.

CURRENCY TRADING
INTERNATIONAL INC.,
MARIE FINE and JOHN DOE,

        Respondents-Appellees.

No. 98-1311
(D.C. No. 98-B-577)
(D. Colo.)

---

**ORDER AND JUDGMENT**  *

---

Before **ANDERSON** and **KELLY** , Circuit Judges, and **BROWN** ,** Senior District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**     Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Frank M. Smith appeals from the district court's order vacating an arbitration award in his favor. Mr. Smith commenced an NASD arbitration proceeding in 1996 by filing a statement of claim against defendants in which he alleged fraud in connection with currency option investments and sought compensation for his financial losses. Defendants objected to the arbitration, contending that they had no agreement with Mr. Smith to arbitrate. In the face of this objection, the NASD Arbitration Department proceeded to arbitrate the dispute, resulting in a substantial monetary award to Mr. Smith. Defendants did not participate in the proceedings except to register objections to NASD arbitration jurisdiction.

Mr. Smith then filed a motion in district court seeking confirmation of the arbitration award. Defendants filed a cross motion to vacate the award. After a hearing, the court denied Mr. Smith's motion and granted defendants' motion, vacating the arbitration award. Our jurisdiction to hear this appeal arises from 28 U.S.C. § 1291. We review the district court's decision under traditional standards, accepting findings of fact unless they are clearly erroneous and reviewing legal questions de novo. *See First Options of Chicago, Inc. v. Kaplan* ,

514 U.S. 938, 947-48 (1995); *P&P Indus., Inc. v. Sutter Corp.*, No. 98-6358, 1999 WL 339699, at *9 (10th Cir. May 28, 1999).

The district court ruled in defendants' favor because it concluded that, in the face of the challenge to the existence of an agreement to arbitrate, a judicial determination about the arbitrability of Mr. Smith's complaints should have been made before those matters were submitted to arbitration. *See* Appellant's App., doc. 7 at 2. Under Section 4 of the Federal Arbitration Act, any party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" may petition the court for an order directing arbitration. 9 U.S.C. § 4. On appeal, Mr. Smith contends that the district court's ruling vacating the arbitration award in this case renders § 4 procedures mandatory rather than permissive.

We disagree with this characterization of the district court's ruling. The case upon which Mr. Smith relies to maintain that FAA § 4 procedures are permissive, not mandatory, is distinguishable from the facts here. In *Standard Magnesium Corp. v. Fuchs*, 251 F.2d 455, 458 (10th Cir. 1957), this court held that parties need not resort to § 4 procedures in those instances where arbitration can proceed without a court order. As an example of circumstances where a court order would be needed, we noted a party's refusal to appoint an arbitrator where the arbitration agreement provided that each party shall select one. *See id.* at 458.

This example illustrates that the ruling in *Standard Magnesium* does not extend to instances where a party disputes the underlying arbitrability of a claim.

Further, in light of more recent Supreme Court authority, it is clear that Mr. Smith should not have proceeded to arbitration where a clear dispute about the applicability of NASD arbitration jurisdiction was presented. Because the NASD arbitration proceeded in the face of defendants' jurisdictional challenge, the arbitrators must have decided that the dispute was arbitrable despite their objections. In *First Options of Chicago, Inc. v. Kaplan*, a case with similar facts to those presented here, the Supreme Court held that the question of arbitrability "was subject to independent review by the courts." 514 U.S. at 947. "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." *Id.* at 944 (quotation omitted).

Mr. Smith acknowledges this authority, but argues that a court need not decide the arbitrability question *before* the arbitration commences. He asserts that, by not participating in the arbitration, defendants were taking a chance that a court might later disagree with their position. He urges that allowing post-arbitration review of the arbitrability question while leaving an arbitration decision in place discourages specious challenges to arbitration jurisdiction and encourages expeditious and inexpensive resolution of disputes. *See* Appellant's Br. at 12. This argument ignores an important reason behind resolving the

arbitrability question first:  the principle "that a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration."  *See First Options* , 514 U.S. at 945.  Arbitration is a matter of contract, and therefore deciding who is to resolve the parties' dispute is a critical decision.  *See id.* at 942, 943.  Even the laudable goals of discouraging baseless claims and the efficient resolution of disputes cannot support an interpretation of the law that essentially compels a party to arbitrate before the matter of arbitrability is decided or risk default.  Therefore we agree with the district court that the NASD arbitration panel exceeded its authority by proceeding before a judicial determination of arbitrability.

In light of our agreement with the district court's decision, we also agree with defendants that the issue whether there existed an enforceable agreement to arbitrate is not properly before us.  The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge